### 9575

### STATE v. SCOTT.

#### (91 S. E. 318.)

LARCENY—SUFFICIENCY OF EVIDENCE—OWNERSHIP OF PROPERTY.—In a prosecution for larceny of cotton seed from a house, evidence *held* sufficient to warrant submitting to the jury the question whether the seed found in defendant's possession was owned by prosecuting witness, though the latter could not identify it.

Before GARY, J., Pickens, February, 1916. Appeal dismissed.

Gus Scott was convicted of stealing from the house of another certain cotton seed, and he appeals.

*Messrs. H. C. Miller* and *T. P. Dickson,* for appellant, cite: *As to proof of identity of cotton found:* 2 Hill 287. *Variance between indictment and proof:* 10 Rich. L. 169; 4 McC. 16; 3 S. C. 230; 77 S. C. 383; 1 Wigmore Ev., sec. 154.

*Mr. Solicitor Bonham,* for respondent.

February 8, 1917.

---

FOOTNOTE.—As to proof of *corpus delicti* in larceny cases, see notes in 68 L. R. A. 40, 48, 54 and 65, 28 L. R. A. (N. S.) 536, L. R. A. 1916b, 846, 16 A. &. E. Ann. Cas. 1214.

The opinion of the Court was delivered by Mr. JUSTICE FRASER.

The appellant was tried and convicted of "privily entering and stealing from the house of one, T. L. Watkins, certain cotton seed of the value of $25." There are three exceptions. The appellant, in his argument, says:

"The first exception alleges error on the part of the presiding Judge in overruling defendant's motion for a directed verdict, and is corelated to the next two, which are both predicated upon the refusal of the presiding Judge to direct a verdict of acquittal, which was made on the ground that there was no testimony proving identity and ownership of the cotton seed found in the possession of the defendant, as the property of the prosecutor, T. L. Watkins."

It will be seen that if there is evidence from which the jury could find that the cotton seed found in the possession of the defendant were owned by Mr. Watkins, then no other question will arise, because both of the other exceptions are based on the failure to prove the ownership as alleged. There was evidence enough. The credibility was for the jury. Early one morning Mr. Watkins found that some one had taken some cotton seed from his seedhouse. Not far from the seedhouse there was a telephone pole, at which there appeared tracks of an unshod mule. The tracks were large. Near by there were tracks of a new rubber tire buggy. Near this pole also there appeared an impression on the ground as if a sack had been put on the ground, and by the impression of the sack, cotton seed were lying. Large tracks of an unshod mule and new rubber tire buggy were followed to a house in the possession of the defendant, and there were found sacked cotton seed in the possession of the defendant. The defendant was in the act of loading the sacks in the wagon of another man, who had agreed to haul the seed to market. The question was raised as to the ownership of the cotton seed, and the defendant claimed the

seed. The owner of the wagon declined to haul seed of doubtful ownership. There was testimony that tended to show that the defendant then carried the seed into the woods and covered them with brush. It is true Mr. Watkins said he could not swear that the seed found were his seed. The evidence was circumstantial, but circumstantial evidence will support a conviction. There is other evidence, but this is sufficient to support the verdict. The jury were warranted in concluding that the sacked seed found in the possession of the defendant were owned by Mr. Watkins, and had been recently stolen. When a motion is made to direct a verdict, the presiding Judge must say that there is some evidence, and enough to carry the case to the jury. There is nothing in the charge to intimate more than was absolutely necessary under the circumstances.

The appeal is dismissed. ·